Stuart B. Wolfe (SBN 156471)
Michael H. Chang (SBN 192870)
WOLFE & WYMAN LLP
5 Park Plaza, Suite 1100
Irvine, California 92614-5979
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Claimants,
**CITIMORTGAGE, INC. AND CITIBANK, N.A.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 10 TABLE BLUFF ROAD, LOLETA, CALIFORNIA (APN 308-271-026),<br><br>Defendants. | Case No. C 06 5256 EDL<br><br>(Assigned to Judge Elizabeth D. Laporte, Dept. E)<br><br>Action Filed: 8/28/06<br><br>**ANSWER OF CLAIMANTS CITIMORTGAGE, INC. AND CITIBANK, N.A. TO THE VERIFIED COMPLAINT OF THE UNITED STATES OF AMERICA FOR FORFEITURE**<br><br>DEMAND FOR JURY TRIAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 38(b) |

**TO THE HONORABLE COURT, TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**COMES NOW** Claimants CITIMORTGAGE, INC. and CITIBANK, N.A. (formerly Citibank West, F.S.B.) (collectively, hereinafter "Claimants") and responds to the averments set forth in the Complaint (the "Complaint") in the above-entitled action, in which said Claimants admit, deny and allege as follows:

///

1.  As to Paragraph 1 of the Complaint, Claimants admit the defendant real property is located a 10 Table Bluff Road, Loleta, California. Claimants lack sufficient information or knowledge to respond to the other averments contained in Paragraph 1, and basing its denial on this ground, deny each and every other allegation therein.

2.  As to Paragraph 2 through 4 of the Complaint, Claimants lack sufficient information or knowledge to respond to the averments contained in Paragraphs 2 through 4, and basing its denial on this ground, deny each and every other allegation therein.

3.  As to Paragraph 5 of the Complaint, Claimants admit the Plaintiff in the instant action is the United States of America.

4.  As to Paragraph 6 of the Complaint, Claimants admit the defendant real property is located a 10 Table Bluff Road, Loleta, California. Claimants lack sufficient information or knowledge to respond to the other averments contained in Paragraph 6, and basing its denial on this ground, deny each and every other allegation therein.

5.  As to Paragraphs 7 through 12 of the Complaint, Claimants lack sufficient information or knowledge to respond to the averments contained in Paragraphs 7 through 12 of the Complaint, and basing its denial on this ground, deny each and every other allegation therein.

6.  As to Paragraph 13 of the Complaint, Claimants answer the allegations of Paragraph 13 of the Complaint by incorporating its answers to Paragraphs 1 through 12, inclusive of the Complaint.

7.  As to Paragraphs 14 through 17 of the Complaint, Claimants lack sufficient information or knowledge to respond to the averments contained in Paragraphs 14 through 17 of the Complaint, and basing its denial on this ground, deny each and every other allegation therein.

///

ANSWER OF CLAIMANTS CITIMORTGAGE, INC. AND CITIBANK, N.A.

## FIRST AFFIRMATIVE DEFENSE
### (Validity & Priority of Deed of Trust)

8. Joan C. Hunziker executed a deed of trust ("First Deed of Trust") on the defendant real property in favor of CITIMORTGAGE, INC. to secure the repayment of a $388,000.00 mortgage loan ("First Subject Loan"). The First Deed of Trust was recorded, on August 15, 2006, in the Official Records of Humboldt County, as Instrument Number 2006-23768-24. Joan C. Hunziker also executed a second deed of trust ("Second Deed of Trust") on the defendant real property in favor of CITIBANK WEST, F.S.B. (now known and referred to as CITIBANK, N.A.) to secure the repayment of a $72,750.00 mortgage loan ("Second Subject Loan"). The Second Deed of Trust was recorded, on August 15, 2006, in the Official Records of Humboldt County, as Instrument Number 2006-23769-7. The First Subject Loan constituted an existing and valid lien on the defendant real property inuring to the benefit of responding CITIMORTGAGE, INC., and the Second Subject Loan constituted an existing and valid lien on the defendant real property inuring to the benefit of responding CITIBANK, N.A. Said First Deed of Trust and Second Deed of Trust are entitled to priority, such that First Deed of Trust and Second Deed of Trust and First Subject Loan and Second Subject Loan must be first satisfied out of any monetary proceeds recovered by Plaintiff in this action, by virtue of any foreclosure proceedings on the subject property, or otherwise, before satisfaction of any liens or judgment in favor of Plaintiff or any of the defendants in this action.

## SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Encumbrancer for Value)

9. Answering Claimants are informed and believe, and thereupon allege that the First Subject Loan and First Deed of Trust, as well as the Second Subject Loan and Second Deed of Trust were acquired by bona fide encumbrancers for value of the defendant real property. This defense is alleged in the alternative and

does not admit any of the allegations contained in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Innocent Owner)

10. CITIMORTAGE, INC. owns the First Subject Loan, and CITIBANK CITIBANK, N.A. owns the Second Subject Loan, which are secured by corresponding recorded deeds of trust in the defendant real property. As innocent owners, said security interests are protected from forfeiture under 18 USCA § 983(d).

## FOURTH AFFIRMATIVE DEFENSE
### (No Liability for Third Party Acts)

11. Answering Claimants are informed and believe, and thereupon allege, that at all times relevant, the holder(s) of the First Subject Loan and Second Subject Loan were unaware and did not know of the illegal conduct allegedly related to the defendant property, which forms the basis of the instant forfeiture Complaint. Answering Claimants are informed and believe, and thereon allege, that the holder(s) of the First Subject Loan and Second Subject Loan are not liable for independent acts of third parties, and Plaintiff's damages, if any, are attributable to acts of third parties. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Right to Equitable Lien)

12. Answering Claimants are informed and believe, and thereupon allege, that to the extent that the proceeds from the First Subject Loan of $388,000.00, and proceeds from the Second Subject Loan of $72,750.00, were used to pay a preexisting lien against the defendant property and, if it is determined that the First Subject Loan and First Deed of Trust, and/or Second Subject Loan and Second Deed of Trust are invalid, then the holder(s) of the First Subject Loan and/or Second Subject Loan, respectively, is entitled to an equitable lien against said property.

This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Right to Add Additional Affirmative Defenses)

13. Answering Claimants are informed and believe, and thereupon allege, that because the Complaint herein is couched in conclusory terms, answering Claimants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

**WHEREFORE**, Claimants prays as follows:

1. That this court take such action against interested party Joan C. Hunziker as it deems appropriate based upon the Complaint filed by the United States of America;

2. That this court take such action with respect to the defendant real property which is the subject matter of this action as it deems appropriate;

3. That this court order that the First Deed of Trust and Second Deed of Trust, both recorded on August 15, 2006, constitute valid first and second priority liens, respectively, on the defendant real property, which must be first satisfied in connection with any forfeiture proceedings or with any foreclosure sale of that property prior to the distribution of any sale proceeds on said property to Plaintiff or any other defendant in this action;

4. For the costs of suit herein; and

///

///

1   5.   For such other and further relief as this court may deem just and proper.

2   CLAIMANTS DEMAND TRIAL BY JURY ON ALL ISSUES.

4   DATED: November [7] 2006       WOLFE & WYMAN LLP

6   By: _____
7        STUART B. WOLFE
         MICHAEL H. CHANG
8        Attorneys for Third Party Claimants
         **CITIMORTGAGE, INC. and**
9        **CITIBANK, N.A.**

H:\Matters\CitiMtg, Inc.- CMI (1133.001)\147 (USA v Table Bluff Prop)\Pleadings\Answer (CMI)(Table Bluff).doc

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing ANSWER OF CLAIMANTS CITIMORTGAGE, INC. AND CITIBANK, N.A. TO THE COMPLAINT OF THE UNITED STATES OF AMERICA FOR FORFEITURE and know its contents.

☑ I am a claimant in this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of CitiMortgage, Inc., a claimant in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for , a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on November 17, 2006, at O'Fallon, Missouri, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

NATE BLACKSTUN
_____          _____
Type or Print Name                                    Signature

---
7
ANSWER OF CLAIMANTS CITIMORTGAGE, INC. AND CITIBANK, N.A.

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I have read the foregoing ANSWER OF CLAIMANTS CITIMORTGAGE, INC. AND CITIBANK, N.A. TO THE COMPLAINT OF THE UNITED STATES OF AMERICA FOR FORFEITURE and know its contents.

☑ I am a claimant in this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of Citibank, N.A., a claimant in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for  , a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on November 17 2006, at O'Fallon Missouri _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SCOTT SCHEINER
Type or Print Name

Signature
SCOTT SCHEINER
AVP

8
ANSWER OF CLAIMANTS CITIMORTGAGE, INC. AND CITIBANK, N.A.