KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK KROTOSKI (CSBN 138549)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102
    Telephone: 415.436.6857
    Facsimile: 415.436.6748
    Email: patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 10 TABLE BLUFF ROAD, LOLETA, CALIFORNIA (APN 308-271-026),<br><br>            Defendant.<br><br>JOAN HUNZIKER, CITIMORTGAGE, INC. AND CITIBANK, N.A.,<br><br>            Claimants. | No. C 06-5256<br><br>STIPULATION AND ORDER AUTHORIZING INTERLOCUTORY SALE OF DEFENDANT REAL PROPERTY |

    1.    The United States and claimants Joan Hunziker, CitiMortgage, Inc., and Citibank, N.A., through counsel, agree, subject to the Court's approval, to an interlocutory sale of defendant real property and improvements located at 10 Table Bluff Road, Loleta, California (APN 308-271-026)("defendant 10 Table Bluff") to preserve its value, and which is more specifically described as follows:

PARCEL ONE

BEGINNING at the Section corner common to Sections 7, 8, 17, and 18, Township 3 North, Range 1 West, Humboldt Meridian;
thence North 0 degrees 17 minutes 30 seconds East, along the West line of Section 8, a distance of 1014 feet;
thence North 82 degrees East 64.39 feet;
thence North 56 degrees 30 minutes East 477.81 feet;
thence South 80 degrees East 95 feet;
thence South 47 degrees East 70 feet;
thence South 61 degrees East 245 feet;
thence South 46 degrees East 83 feet;
thence South 6 degrees West 122 feet;
thence South 53 degrees East 168.5 feet to the Westerly line of the parcel of land conveyed to Gabe A. Miranda and wife by Deed recorded July 13, 1987 in Book 1843 of Official Records, Page 287, Humboldt County Records;
thence South 34 degrees 11 minutes 30 seconds West, along the Westerly line of said Miranda parcel, and the Southerly extension thereof, 994.04 feet to the South line of said Section 8;
thence South 89 degrees 50 minutes 49 seconds West, along said South line of Section 8, a distance of 446.28 feet to the point of beginning.

EXCEPTING THEREFROM the South 146.35 feet, being the portion of the above described land lying Southerly of the North line of the land conveyed to Gayford H. Hunt by Deed recorded December 7, 1945 in Book 278 of Deeds, Page 106, Humboldt County Records, an undivided 2/5 interest in all the oil, gas, and other materials in and under said land, and with the exclusive privilege of drilling and operating for oil, gas and other minerals on said land and of extracting said minerals therefrom, as reserved by John Black, also known as John E. Black in Deed recorded August 26, 1941 in Book 251 of Deeds, Page 365, Humboldt County Records.

ALSO EXCEPTING THEREFROM all the remaining oil, gas, and mineral rights in and under all the above described parcel lying below a depth of 500 feet beneath the surface of said parcel, but without the right of surface entry, as reserved by Gail Grunert in Deed recorded January 25, 1995, under Recorder's Serial No. 1995-1857-3, Humboldt County Records.

PARCEL TWO

A non-exclusive easement for ingress and egress over a strip of land 24 feet in width, the centerline of which is described as follows:

BEGINNING at the Section corner common to Sections 7, 8, 17 and 18, Township 3 North, Range 1 West, Humboldt Meridian;

thence North 0 degrees 17 minutes 30 seconds East, along the West line of said Section 8, a distance of 1014.00 feet;
thence North 82 degrees East 64.39 feet;
thence North 56 degrees 30 minutes East 460.13 feet to the true point of beginning of the centerline to be herein described;
thence North 2 degrees West 11.78 feet;
thence North 33 degrees East 60 feet;
thence North 70 degrees East 117 feet;
thence South 84 degrees East 180 feet;

///

Stip & Order Re: Interlocutory Sale
No. 06-5256 SI                                2

thence North 58 degrees East 200 feet to the centerline of the County Road known as Table Bluff Road.

The Northerly and Southerly lines of said easement will be extended or shortened to intersect the Northerly line of Parcel One above and the centerline of the County Road.

2. From on or about February 28, 2003 until August of 2006, Brendon Clarke was owner of record of defendant 10 Table Bluff. On or about July 13, 2006, Brendon Clarke, signed a Grant Deed to convey title to his mother, claimant Joan C. Hunziker, to defendant 10 Table Bluff and, subsequently, on or about August 15, 2006, that Grant Deed was recorded in the Humboldt County Recorder's office. On or about August 10, 2006, claimant Hunziker executed and delivered a promissory note to claimant CitiMortgage, Inc. ("CitiMortgage") in the amount of $388,000 which loan was secured through a first deed of trust by defendant 10 Table Bluff. *See* Verified Claim of Interest by Claimants CitiMortgage, Inc. and Citibank, N.A., filed November 17, 2006, Exhibit A (attached). On or about August 10, 2006, claimant Hunziker also executed and delivered a promissory note to Citibank West, F.S.B. (now known as Citibank N.A.)("Citibank"), in the amount of $72,750 which loan was secured through a second of deed of trust by defendant 10 Table Bluff. *Id.*, Exhibit B (attached).

3. Although the United States and claimants are agreeing to an interlocutory sale of defendant 10 Table Bluff to preserve its value, nothing in this agreement shall change, effect or relieve the obligation of claimant Joan Hunziker for the principal and interest payments in the amounts required under the first and second deeds of trust described in paragraph 2 above from on or about August 10, 2006 through the date of the close of escrow of the interlocutory sale.

4. The United States and claimants agree to the interlocutory sale of defendant 10 Table Bluff on the terms set forth in this agreement which cannot be modified except in writing signed by all parties.

5. The "net proceeds" from the interlocutory sale of defendant 10 Table Bluff will be determined at the close of escrow based on the purchase price for defendant 10 Table Bluff (1) after deducting the ordinary and reasonable costs of sale charged to a seller at closing, such as a reasonable real estate commission and costs of recording, but does not include attorneys' fees, and (2) after deducting from the sale proceeds the amount of the claims of claimant CitiMortgage

Stip & Order Re: Interlocutory Sale
No. 06-5256 SI             3

and Citibank as established in the instruments recording their liens, including interest as determined by the method stated in those recorded instruments through the close of escrow, but excluding attorneys' fees.

6. Claimant Hunziker agrees that if she has a home equity loan which is secured by defendant 10 Table Bluff, that any amounts drawn on that home equity loan since she purchased defendant 10 Table Bluff on August 10, 2006, are her responsibility and will not be deducted from the "net proceeds" at the close of escrow.

7. The parties agree to an interlocutory sale on the following terms:

    a. The United States and claimant Hunziker shall agree on an real estate agent or broker to handle the interlocutory sale. The real estate agent or broker must be independent and have no connection to claimant Hunziker or her son, Brendon Clarke. The real estate agent or broker will be provided with a copy of this stipulation and order, and must agree to comply with its terms in writing. After discussing the proposed sale with the independent real estate agent or broker selected, the United States will approve the selection in writing, and will not unreasonably refuse its approval.

    b. The United States and claimant Hunziker shall agree on a reasonable listing price for defendant 10 Table Bluff based on its current market value. If a listing price cannot be agreed upon, the United States and claimant Hunziker are entitled to obtain an appraisal of defendant 10 Table Bluff, at her or its expense, within 14 days. The initial listing price shall be based on the average of all reasonable appraisals obtained. If the United States and claimant Hunziker subsequently agree that the listing price should be changed, they are free to do so by stipulation filed with the Court.

///

///

Stip & Order Re: Interlocutory Sale
No. 06-5256 SI                        4

c. Claimant Hunziker shall enter an initial listing agreement with the real estate agent or broker for a period of 90 days, at the agreed upon listing price as determined in subparagraph "a" above.

d. Claimant Hunziker and the real estate agent or broker selected agree to inform the United States and the other claimants of the title company which will handle the escrow, and to provide a copy of this stipulation and order to the title company.

e. During the listing period, claimant Hunziker agrees, at her expense, to keep the residence located at defendant 10 Table Bluff reasonably clean and tidy so as to be appealing to prospective purchasers and to make defendant 10 Table Bluff reasonably available to real estate agents who wish to show it to prospective purchasers.

f. Within 24 hours of receiving any offer to purchase defendant 10 Table Bluff, claimant Hunziker and the real estate agent or broker selected agree to provide a copy of any such offer to purchase to the undersigned Assistant United States Attorney by facsimile at 415.436.6748. Prior to accepting any offer for defendant 10 Table Bluff, or making any counter offer to a prospective purchaser, claimant Hunziker shall obtain the written approval of the United States.

g. The closing of escrow is not to exceed 60 days from the date that an offer is accepted, and can be sooner.

h. The escrow officer must provide to the United States, which must approve in writing, the estimated closing costs before the closing of escrow can take place for the sale of defendant 10 Table Bluff. The United States will not unreasonably withhold its approval.

i. Prior to the close of escrow of a sale approved by the United States, the United State will provide to the escrow officer a release of the *lis pendens* filed against defendant 10 Table Bluff on August 29, 2006 in the

Stip & Order Re: Interlocutory Sale
No. 06-5256 SI                                    5

Humboldt County Recorder's Office. Prior to the close of escrow, claimants CitiMortgage and Citibank will cooperate with the escrow officer in providing payoff information in connection with the first and second deeds of trust, which are secured by defendant 10 Table Bluff, and which are the basis for their claims in this action.

j. The escrow officer at the title company handling the close of escrow is directed to deliver the "net proceeds" of the interlocutory sale, as defined in paragraph 4 above, by check made payable to the United States Marshals Service, to the Asset Forfeiture Unit, Attention: Andrea Howard, Office of the United States Marshal, 450 Golden Gate Avenue, San Francisco, California 94102. The United States Marshals Office will deposit the "net proceeds" in the appropriate interest bearing account where it will remain until further order of the Court.

k. The escrow officer at the title company handling the close of escrow is directed to deliver the payoff amounts provided by CitiMortgage and Citibank, as determined under the first and second deeds of trust secured by defendant 10 Table Bluff, to CitiMortgage and Citibank, to satisfy in full the amounts owed to each under those first and second deeds of trust.

l. In connection with the interlocutory sale, unless and until the first and second loans referred to in paragraph 2 above are fully satisfied, the first and second loans shall not be deemed satisfied, and the first and second deeds of trust shall not be extinguished, impaired or subordinated in any way and any subsequent purchaser and/or grantee shall take defendant 10 Table Bluff subject to the interests of claimants CitiMortgage and Citibank and/or any of its assignees, as secured by the first and second deeds of trust.

///

///

  m. If defendant 10 Table Bluff has not been sold to a bona fide purchaser for value within 180 days, this order authorizing the interlocutory sale is invalid.

 8. The parties agree that the Court is authorized to issue additional orders, as necessary, to implement the interlocutory sale of defendant 10 Table Bluff.

 9. The United States and claimant Hunziker agree that the "net proceeds" as deposited in the interest bearing account of the United States Marshals Service shall automatically be substituted as defendant in this action and that the United States Marshals Service shall retain custody of that substitute *res* pending resolution of this civil forfeiture action. The United States shall have the same claims against the substituted *res*, the "net proceeds," as it does against defendant 10 Table Bluff. Claimant Hunziker shall have the same defenses against the substituted *res*, the "net proceeds," as she does against defendant 10 Table Bluff.

IT IS SO STIPULATED:

Dated: November 29, 2006

KEVIN V. RYAN
United States Attorney

*/s/ Patricia J. Kenney*
PATRICIA J. KENNEY
Assistant United States Attorney

Dated: November 29, 2006

*/s/ Brenda Grantland*
BRENDA GRANTLAND
Attorney for Claimant Joan Hunziker

Dated: November ___, 2006

_____
MICHAEL CHANG
Attorney for Claimants CitiMortgage, Inc., and Citibank, N.A.

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 12th DAY OF December, 2006.

/s/Maxine M. Chesney for

SUSAN ILLSTON
United States District Judge

Stip & Order Re: Interlocutory Sale
No. 06-5256 SI    7

        m.    If defendant 10 Table Bluff has not been sold to a bona fide purchaser for value within 180 days, this order authorizing the interlocutory sale is invalid.

8.    The parties agree that the Court is authorized to issue additional orders, as necessary, to implement the interlocutory sale of defendant 10 Table Bluff.

9.    The United States and claimant Hunziker agree that the "net proceeds" as deposited in the interest bearing account of the United States Marshals Service shall automatically be substituted as defendant in this action and that the United States Marshals Service shall retain custody of that substitute *res* pending resolution of this civil forfeiture action. The United States shall have the same claims against the substituted *res*, the "net proceeds," as it does against defendant 10 Table Bluff. Claimant Hunziker shall have the same defenses against the substituted *res*, the "net proceeds," as she does against defendant 10 Table Bluff.

IT IS SO STIPULATED:

KEVIN V. RYAN
United States Attorney

Dated: November ____, 2006

_____
PATRICIA J. KENNEY
Assistant United States Attorney

Dated: November ____, 2006

_____
BRENDA GRANTLAND
Attorney for Claimant Joan Hunziker

Dated: ~~November~~ December 7, 2006

_____
MICHAEL CHANG
Attorney for Claimants CitiMortgage, Inc., and Citibank, N.A.

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS ____ DAY OF _____, 2006.

_____
SUSAN ILLSTON
United States District Judge

Stip & Order Re: Interlocutory Sale
No. 06-5256 SI        7