**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 10 TABLE BLUFF ROAD, LOLETA, CA (APN 308-271-026),<br><br>    Defendant.<br>_____/ | No. C 06-5256 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY** |

The United States seeks a stay of this civil forfeiture action pursuant to 18 U.S.C. § 981(g). Hearing on the motion is currently scheduled for March 30, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is suitable for resolution without oral argument and VACATES the March 30, 2007 hearing. The case management conference scheduled for March 30, 2007 is also VACATED. For the reasons set forth below, the Court GRANTS plaintiff's motion to stay pending resolution of the related criminal investigation. The Court also ORDERS the Government to file status reports every 60 days detailing the continued need for a stay in this case.

**BACKGROUND**

The United States has brought this judicial forfeiture action under 21 U.S.C. § 881(a)(7) against defendant real property located at 10 Table Bluff Road, Loleta, California. Complaint for Forfeiture ("Complaint") ¶ 1. On or about January 26, 2006, agents from the Federal Bureau of Investigation and officers from the Humboldt County Drug Task Force executed a search warrant at defendant real property where the Government reports they seized 1801 live marijuana plants, approximately 25

pounds of processed marijuana, approximately one half ounce of concentrated cannabis, $8,300 in United States currency, and other indicia of a marijuana cultivation and distribution operation. Complaint ¶ 7. Claimant Joan Hunziker is the owner of defendant real property. *See* Verified Statement of Interest. Claimants Citimortgage, Inc. and Citibank, N.A. claim interests in the defendant property in the form of mortgage liens. *See* Verified Claim of Interest by Claimants Citimortgage, Inc. and Citibank, N.A. ¶¶ 1-2.

On November 24, 2006, claimant Joan Hunziker filed an emergency motion asking the Court to compel an interlocutory sale of the property. On Dec. 7, 2006, the parties stipulated to the interlocutory sale of defendant real property.[1] A real estate broker has been engaged but defendant property has not yet been sold. *See* Joint Case Management Conference Statement ("Case Mgmt. Stmt.") at 10 (Docket No. 24). Claimant Hunziker actively disputes the validity of the Government's forfeiture action. Case Mgmt. Stmt. at 8-9.

**LEGAL STANDARD**

Upon motion of the United States, "the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."[2] 18 U.S.C. § 981(g)(1). If the government requests a stay, it may "submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5).

The terms "related criminal case" and "related criminal investigation," as used in the statute,

---

[1] Because the United States and claimants have already agreed to an interlocutory sale of defendant real property, the issuance of a stay will not affect the sale, which may proceed.

[2] The court has the option of determining a stay is unnecessary if "a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." 18 U.S.C. § 981(g)(3). However, the court may not impose a protective order as an alternative to a stay if "the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." *Id.* Neither party seeks this alternative here.

2

mean

> an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(3).

## DISCUSSION

In this case, the Government has submitted sealed evidence to support its argument. *See* Detailed Declaration of Special Agent Thomas Calhoon (Docket No. 34). Although the claimant objects to the sealed evidence, arguing that it deprives her of any meaningful notice of the reasons for requesting a stay, as discussed above the plain language of the statute allows the Government to submit such ex parte evidence. *See* 18 U.S.C. § 981(g)(5); *see also United States v. GAF Fin. Servs.*, 335 F. Supp. 2d 1371, 1373 (D. Fla. 2004) ("though claimants '[u]nderstandably object to a procedure that would permit the filing of ex parte, confidential and sealed declarations in support of a stay,' the statute allows for the government to submit evidence in an confidential, ex parte form") (quoting *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325, 1330 (D. Wyo. 2001)).

The Court has reviewed the sealed evidence and determined that the criminal investigation and this civil forfeiture case arise out of the same facts and circumstances, and are clearly related. *See* 18 U.S.C. § 981(g)(3); *see also GAF Fin. Servs.*, 335 F. Supp. 2d at 1373. Furthermore, the Court finds that civil discovery will likely adversely affect the ability of the Government to conduct the related criminal investigation because it will subject the Government's criminal investigation to broader and earlier discovery than would occur in a criminal proceeding. As such, the Court is obligated by the plain language of the statute to grant the Government's request for a stay. *See* 18 U.S.C. § 981(g)(1); *see also United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXX8359, In the Name of Gold and Silver Reserve, Inc.*, 456 F. Supp. 2d 64, 65 (D.D.C. 2006) ("Two things are obvious from this language: 1) the Government must satisfy the court that civil discovery would adversely affect the

3

criminal case; if so, then 2) the court must grant the stay.").

## CONCLUSION

For the foregoing reasons and for good cause shown, plaintiff's motion to stay this case is GRANTED. The Court ORDERS the Government to provide status reports every 60 days on the continued need for a stay in the case.

**IT IS SO ORDERED.**

Dated: March 23, 2007

SUSAN ILLSTON
United States District Judge