IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>$131,551.03 PLUS ACCRUED INTEREST FROM THE SALE OF 10 TABLE BLUFF ROAD, LOLETA, CA (APN 308-271-026),<br><br>    Defendant.<br>_____/ | No. C 06-05256 SI<br><br>**ORDER DENYING CLAIMANT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART CLAIMANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING CLAIMANT'S MOTION TO STAY DISCOVERY** |

On March 19, 2010, the Court heard oral argument on the government's motion for summary judgment and on claimant's motion to dismiss, motion for summary judgment, and motion to stay discovery. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

This forfeiture action concerns real property located at 10 Table Bluff Road in Loleta, California. According to the complaint, agents from the FBI and the Humboldt County Drug Task Force executed a search warrant at the property, owned by Brendon Clarke, on January 26, 2006. The agents seized 1800 marijuana plants, 25 pounds of processed marijuana, half an ounce of concentrated cannabis, $8,300 in United States currency, and other "indicia of a marijuana cultivation and distribution operation," including digital scales, billing and pay statements, marijuana growing literature, earning and expenditure statements, and grow equipment. Complaint ¶ 7.

Thereafter, Clarke was charged with numerous state criminal violations, including felony

cultivation of marijuana, Cal. Health & Safety Code § 11358; felony possession of marijuana, *id.* § 11359; felony possession of concentrated cannabis, *id.* § 11357(A); felony possession of a controlled substance for sale, *id.* § 11378; and felony maintenance of a building used for the unlawful manufacture, storage, or distribution a controlled substance, *id.* § 11366.5. Clarke entered a plea of *nolo contendere* to the last charge on July 11, 2006. *See* Gov. Ex. 14 ISO MSJ. As part of his plea bargain, Clarke also agreed to forfeit the contents of his bank account as well as the cash and personal property seized during the search of the property to the federal government.

Two days after Clarke's plea was entered, his mother, Joan Hunziker, purchased the 10 Table Bluff property from Clarke. *See* Gov. Ex. 9 ISO MSJ. Approximately one month later, on August 28, 2006, the government filed a civil forfeiture complaint against the 10 Table Bluff property. In September 2006, Hunziker filed a statement of interest in the property and answered the complaint. In her answer, Hunziker asserted several affirmative defenses to forfeiture, including that she was an innocent owner of the property whose interest was not subject to forfeiture. Answer ¶¶ 6, 21.

In December 2006, the government and Hunziker stipulated to an interlocutory sale of the property. The property was ultimately sold to a third party on July 16, 2007 for approximately $600,000. After all loans on the property were paid off, including the loans Hunziker had taken out in order to purchase the property in July 2006, the remaining proceeds of $131,551.03 were substituted as the defendant in this matter.

Presently before the Court are four motions: Hunziker's motion to dismiss the action for undue delay, both parties' motions for summary judgment, and Hunziker's motion to stay discovery.

**DISCUSSION**

**I.     Hunziker's Motion to Dismiss for Undue Delay**

Hunziker moves to dismiss these forfeiture proceedings due to the four-year delay between the seizure of the property and the present. Hunziker objects both to the seven-month delay before the complaint was filed and to the more than three-year delay since the filing of the complaint.

The test for determining whether a delay in instituting a civil forfeiture action violates the claimant's right to due process was announced by the Supreme Court in *United States v. $8,850 in U.S.*

2

*Currency*, 461 U.S. 555 (1983). *$8,850* set forth four factors to be considered: the length of the delay, the reason for the delay, the claimant's assertion of her right, and prejudice to the claimant. *Id.* at 564. "[N]one of these factors is a necessary or sufficient condition for finding unreasonable delay. Rather, these elements are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." *Id.* at 565. Although *$8,850* pertained to the delay between the seizure and the filing of the forfeiture action, courts have applied the same principles to the delay between filing and the commencement of trial. *See United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1163 (2d Cir. 1986) ("To require prompt filing of a forfeiture action but allow indefinite postponement of the trial would reduce the filing requirement to a nullity.").

As recounted above, the seizure at the subject property took place on January 26, 2006, and Clarke entered his plea in the criminal case against him on July 11, 2006. The forfeiture complaint was filed a little more than a month later. In the Court's view, the brief delay in filing the forfeiture complaint was justified by the pending criminal proceedings. *See $8,850*, 461 U.S. at 567 ("A prior or contemporaneous civil proceeding could substantially hamper the criminal proceeding"); *United States v. One 1954 Rolls Royce Silver Dawn*, 777 F.2d 1358, 1362 (9th Cir. 1985) (not unreasonable to file civil forfeiture complaint three to four months after claimant's criminal conviction).

Since the filing of the complaint, however, this case has been delayed by more than three years, primarily due to a stay granted on the government's motion. This delay is much longer than the eighteen-month delay the Court in *$8,850* deemed to be "quite significant." *See $8,850*, 461 U.S. at 565. However, the government has presented legitimate reasons for this lengthy delay. The government initially sought a stay of these proceedings in February 2007 due to a pending FBI investigation. The FBI agent overseeing the investigation filed detailed declarations under seal in February 2007, May 2007, July 2007, September 2007, and June 2008. The Court has reviewed each of these declarations and believes that they set forth a legitimate law enforcement-related justification for the delay up to June 2008, the date of the last declaration. After that date, there was no further activity in the case until the Court scheduled a case management conference in September 2009. During this period, Hunziker did not move to lift the stay or otherwise assert her rights.

3

1   The final inquiry relates to whether the claimant has been prejudiced by the delay. Hunziker first
2 contends that she was prejudiced when forced to expend her own funds to make her son's mortgage
3 payments to prevent foreclosure. Hunziker contends that she would not have been forced to make these
4 payments had the government instituted civil forfeiture proceedings earlier. Hunziker additionally
5 contends that she has lost the ability to rely on the innocent owner defense as a result of the
6 government's delay. As stated above, however, the government was justified in waiting to commence
7 these proceedings until after Clarke's criminal case was resolved.

8   For the foregoing reasons, the Court DENIES Hunziker's motion to dismiss.

## II.   Cross-Motions for Summary Judgment Regarding Forfeitability

After the parties agreed to an interlocutory sale of the property at issue, the proceeds of that sale were substituted as the defendant in this action. *See* Order Granting Mot. to Substitute (Docket No. 56). The government now moves for a ruling that the proceeds of the sale are subject to forfeiture. Hunziker has filed a cross-motion for summary judgment regarding her primary affirmative defense to forfeiture, the innocent owner defense.[1]

Summary judgment is proper if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325. Once the moving party has met its burden, the burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

Pursuant to federal civil forfeiture law, all real property that is used to commit or to facilitate the

---

[1] Hunziker initially filed a Motion for Rulings on Several Legal Issues that have Caused an Impasse in Settlement Negotiations, and later requested that this motion be converted into a motion for partial summary judgment.

4

commission of a drug-related offense is subject to forfeiture to the United States government. 21 U.S.C. § 881(a)(7). At trial, the government will bear the burden of proving that the proceeds from the sale of 10 Table Bluff Road are subject to forfeiture on the ground there was a "substantial connection" between the marijuana cultivation offense and the property. 18 U.S.C. § 983(c)(1), (3). Based on the evidence before the Court, there is no real dispute that the property bore a substantial connection to the offense. The government has submitted detailed, unrebutted evidence describing the search and seizure at the property, as well as the subsequent investigation tying Clarke and the property to the marijuana cultivation scheme. *See* Complaint ¶¶ 7-12;[2] Fagetan Decl. ¶¶ 3-8. The Court GRANTS the government's motion for summary judgment that the sale proceeds are subject to forfeiture.

Hunziker has asserted a number of affirmative defenses to forfeiture, including undue delay, disproportionate and excessive fines, and innocent owner. The parties have filed cross-motions for summary judgment as to Hunziker's innocent owner defense. Because Hunziker will bear the burden at trial to prove that she is an innocent owner whose interest in the property is not subject to forfeiture, *see* 18 U.S.C. § 983(d)(1), the Court must determine whether Hunziker has put forth evidence at least creating a triable issue regarding her ability to assert the defense.

Under the Civil Asset Forfeiture Reform Act of 2000, "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." *Id.* The statute sets forth different tests for determining whether a person qualifies as an innocent owner depending on whether the person's interest in the property was acquired before or after the conduct giving rise to forfeiture. For a property interest that existed at the time the illegal conduct took place, an "innocent owner" is defined as one who "did not know of the conduct giving rise to forfeiture" or who, "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." *Id.* § 983(d)(2)(A). For a property interest that arose after the illegal conduct, an

---

[2] Hunziker objects to the government's reliance on the Complaint in support of its summary judgment motion. However, the Complaint was verified and signed under penalty of perjury by FBI Agent Calhoon, one of the agents who carried out the search of the property. *See* Complaint at 7. Therefore, the Complaint may appropriately be considered in support of the government's motion. *See Moran v. Selig*, 447 F.3d 748, 759 n.16 (9th Cir. 2006) ("[A] verified complaint may serve as an affidavit for purposes of summary judgment if it is based on personal knowledge and if it sets forth the requisite facts with specificity.").

"innocent owner" is one who "was a bona fide purchaser for value" and who "did not know and was reasonably without cause to believe that the property was subject to forfeiture." *Id.* § 983(d)(3)(A).

The undisputed facts concerning Hunziker's interest in the property are as follows. On November 3, 2005 and January 2, 2006, respectively, Hunziker and her late husband, William Timmins, acting through their corporations BioHealth Diagnostics, Inc. and Altrucare, Inc., made loans to Clarke in the amounts of $75,000 and $80,000.[3] These loans were secured by the 10 Table Bluff property. *See* Claimant's Ex. 1 & 2; Gov. Ex. 3-6. Thereafter, on January 26, 2006, the search warrant was executed, and Clarke was subsequently arrested and charged. Clarke entered his plea on July 11, 2006, and as part of his plea deal, agreed that the contents of his bank account would be forfeited to the federal government. Gov. Ex. 14. Two days later, Hunziker entered into an agreement to purchase the home from Clarke for $485,000. Gov. Ex. 9. Hunziker recorded the grant deed conveying title to her on August 15, 2006. Gov. Ex. 11. In purchasing the home, Hunziker paid off the principal of the earlier $75,000 and $80,000 loans from Hunziker and Timmins' corporations. Gov. Ex. 10.

On the basis of these undisputed facts, the Court finds as a matter of law that Hunziker cannot assert an innocent owner defense. Hunziker contends that her interest in 10 Table Bluff Road arose prior to the search and arrest, when she and her late husband made loans secured by the home. She asserts that because there has been no suggestion that she knew of the illegal activity at this time, she should qualify as an innocent owner. *See* 18 U.S.C. § 983(d)(2)(A) (for property interest preceding the illegal conduct took place, "innocent owner" is one who "did not know of the conduct giving rise to forfeiture"). Even assuming that these two loans gave Hunziker an ownership interest in the property prior to the time the illegal conduct occurred, that interest was extinguished when Hunziker purchased the property and paid off the outstanding loans with full knowledge of the illegal conduct that had occurred at the property. A person who acquires an interest in a property after the illegal conduct has taken place must prove that he or she "did not know and was reasonably without cause to believe that the property was subject to forfeiture." 18 U.S.C. § 983(d)(3)(A). Hunziker's present interest in the property arose when she made the purchase, at a time when she undisputedly knew of the conduct giving

---

[3] Timmins subsequently passed away and Hunziker inherited his interest.

6

rise to forfeiture. Accordingly, the government's motion for summary judgment on this issue is GRANTED and Hunziker's motion is DENIED.

### III.  Hunziker's Motion for Partial Summary Judgment on the Amount of the Claim

Hunziker also seeks partial summary judgment on an issue she has framed as "whether the court in an in rem civil forfeiture case has jurisdiction to enter a money judgment exceeding the amount of the res." As recounted above, Hunziker's motion was initially styled as a motion seeking a ruling on issues that were stalling the parties' settlement negotiations. Hunziker later restyled the motion as a motion for partial summary judgment.

Hunziker cites case law holding that in an *in rem* action such as this one, where the Court's jurisdiction only extends over the property to be forfeited, the forfeiture judgment cannot reach property not named in the complaint. *See, e.g.*, *United States v. 384-390 W. Broadway*, 964 F.2d 1244, 1248-49 (1st Cir. 1992) (forfeiture could not reach parcel of land adjoining the parcel named in the complaint). Based on this principle, Hunziker asks the Court to rule that the government may not seize an amount greater than 100% of the res. Hunziker is correct that the Court may not enter a judgment exceeding the amount of the res.[4] Accordingly, Hunziker's motion is GRANTED.

### IV.  Hunziker's Motion to Stay Discovery

Finally, Hunziker moves for a stay of all discovery in this matter. Hunziker has not offered any persuasive justification for staying discovery, especially given the fact that this case is set for trial in less than two months. Hunziker's motion is therefore DENIED.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Hunziker's motion to dismiss for undue delay (Docket No. 66), GRANTS the government's motion for summary judgment as to forfeitability (Docket No. 70); GRANTS in part and DENIES in part Hunziker's motion

---

[4] Counsel for the government assured the Court at oral argument that the government is not seeking to forfeit anything beyond the defendant proceeds.

7

for partial summary judgment (Docket Nos. 65, 78); and DENIES Hunziker's motion to stay discovery (Docket No. 77).

**IT IS SO ORDERED.**

Dated: March 22, 2010

SUSAN ILLSTON
United States District Judge